NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARINO LUIS GARCIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71497

Agency No. A208-825-023

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Marino Luis Garcia, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C § 1252.  We review de novo claims of due process violations in immigration proceedings.  *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We also review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Conde Quevedo v. Barr,* 947 F.3d 1238, 1241-42 (9th Cir. 2020).  We review for substantial evidence the agency's factual findings.  *Id.* at 1241.  We deny the petition for review.

Luis Garcia's contentions that the agency violated his right to due process, deprived him of the right to counsel, or otherwise erred in its handling and analysis of his case fail.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

The agency did not err in concluding that Luis Garcia did not establish membership in a cognizable particular social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).  Thus, Luis Garcia's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Luis Garcia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**